WANK v. JOHN T. CLARK & SON.

NEW YORK CENT. R. CO. v. WILLIAM SPENCER & SON CORP.

No. 27, Docket 22395.

United States Court of Appeals
Second Circuit.

Argued Oct. 10, 1952.

Decided Oct. 30, 1952.

---

484

Nathan Baker, New York City, Bernard Chazen, Hoboken, N. J., on the brief, for appellant.

Glenney, Mathews & Hampton, New York City, Walter L. Glenney, New York City, of counsel, for appellee.

Before SWAN, Chief Judge, and L. HAND and FRANK, Circuit Judges.

PER CURIAM.

This is an action to recover damages resulting from personal injuries sustained by a longshoreman while working at Pier 5 in Brooklyn. Federal jurisdiction rests on diversity, the original plaintiff being a citizen of Norway. Later he died from causes unrelated to the injuries for which he sued, and the Public Administrator of his estate was substituted. At the close of the plaintiff's case, the court directed dismissal of the action, and from the resulting judgment the substituted plaintiff has appealed. The sole question is whether the evidence presented on the plaintiff's behalf was sufficient to require submission to the jury of the issue whether the Clark Company was guilty of negligence which caused the deceased plaintiff's injuries.

The evidentiary facts are not in dispute, although the permissible inferences to be drawn from them are. Many of the facts were stipulated at a pre-trial conference; the others were testified to by two longshoremen who witnessed the accident.[1] At the time of the accident on August 29, 1947, the longshoreman, George Leifsen, was employed by William Spencer & Son Corporation, which was engaged in unloading cement in bags from a carfloat docked at Pier 5 in Brooklyn. There were two separate gangplanks leading from the carfloat to the floor of the pier, and the bags of cement were removed by means of handtrucks. The procedure was to load 7 bags of cement, each weighing 100 pounds, on a handtruck; a longshoreman, having the loaded truck behind him, would then guide it down the unloading gangplank and, after the bags were removed, return the empty truck to the carfloat by pushing it up the other gangplank. The Clark Company was loading the bags of cement into a steamship docked at the same pier. In its work the Clark Company was using movable cranes on a car about the size of a jeep and referred to in the testimony as a "hilo." The testimony showed that as Leifsen was coming down the gangplank with a loaded handtruck behind him, the defendant's hilo came to a sudden stop right at the foot of the gangplank and within two or three feet of it. There was also testimony from which the jury might have found that Leifsen attempted to hold back the loaded handtruck, that the gangplank was too steeply inclined for him to succeed, and that his efforts to do so caused the truck to tip over. Both he and the loaded truck fell five or six feet to the floor of the pier. We think it a reasonable inference that if the hilo had not stopped in front of the gangplank he would have guided the truck onto the pier without injury

1. One of them did not actually appear as a witness but it was stipulated that, if called, his testimony would be substantially as given in his statement, which was submitted to the trial court and made part of the record.

to himself, that it was because of his efforts to check it that he tipped it over and fell with it, and that his efforts were the natural and expectable reaction to the dangerous situation created by the sudden stopping of the hilo in front of the gangplank he was descending.

An act may be negligent which creates a situation that involves an unreasonable risk to another because of the expectable action of the other. Restatement, Torts, § 302(b). The appellee argues that there is no proof that the operator of the hilo knew of the approach of Leifsen, or of the steepness of the gangplank, or that the handtruck could not be stopped if necessary. But an act is negligent if the actor "should realize that it is likely to affect the conduct of another * * * in such a manner as to create an unreasonable risk of harm to the other." Restatement, Torts, § 303. We do not mean to imply that the jury must necessarily have decided in favor of the plaintiff in the absence of explanation as to why the hilo came to a stop where it did. Conceivably Leifsen may himself have been guilty of contributory negligence in his efforts to hold the handtruck in check but the need of holding it in check resulted from the situation caused by the operator of the hilo. In our opinion the proof presented made a *prima facie* case of negligence in that he was not duly attentive to the safety of longshoremen who might be coming down the gangplank with such heavy loads. At least this was a permissible inference.

Judgment reversed and cause remanded.